**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5088

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT L. KIRK,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-04-77)

Submitted: April 28, 2006                    Decided: May 10, 2006

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew J. Katz, THE KATZ WORKING FAMILIES LAW FIRM, LC, Charleston, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, W. Chad Noel, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Pursuant to a plea agreement, Robert L. Kirk pled guilty to conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846 (2000). At the September 2005 sentencing hearing, the district court sentenced Kirk to fifty-one months' imprisonment, at the bottom of the range provided for by the advisory sentencing guidelines. Kirk does not appeal his conviction, but he contends the district court imposed an unreasonable sentence.

After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006); United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). In determining the sentence, however, courts are still required to calculate and consider the guidelines range as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). We will affirm a post-Booker sentence if it is within the statutorily prescribed range and it is reasonable. Hughes, 401 F.3d at 546-47. Further, "while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on the facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the applicable guideline range." United States v. White, 405 F.3d 208, 219 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005).

"[A] sentence imposed within the properly calculated Guidelines range . . . is presumptively reasonable." <u>Green</u>, 436 F.3d at 457 (internal quotation marks and citation omitted).

Kirk's sentence was within the guideline range and was well within the statutory maximum of twenty years' imprisonment. <u>See</u> 21 U.S.C. §§ 841(b)(1)(C), 846 (2000). The district court appropriately treated the guidelines as advisory, properly calculated and considered the guideline range, and weighed the relevant § 3553(a) factors. Kirk has not rebutted the presumption that the sentence was reasonable. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>